UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CHARLES EDWARD THOMAS,

    Plaintiff,

v.

    CAUSE NO. 1:22-CV-345-DRL-SLC

DAVID J. GLADIEUX *et al.*,

    Defendants.

OPINION AND ORDER

Charles Edward Thomas, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Thomas is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Thomas is in custody at the Allen County Jail awaiting trial. He alleges that he has ulcerative colitis and cannot eat certain foods, including processed meats and tomatoes. He has been approved for a medical diet, but he claims the jail's dietitian, Dr.

Jackson (first name unknown), often sends him medical diet trays that have the same exact items as the regular diet trays. He claims that since June 2022, he has been regularly served foods like bologna, hot dogs, and tomatoes, all of which exacerbate his colitis and have caused him to have bloody stools. He claim he spoke with Dr. Jackson directly and told her he could not eat these foods due to his medical issue and that they were causing him to have bloody stools. She allegedly replied that hotdogs and bologna were "typical jail food" and that he could "eat it or not." He claims that many times he has eaten these foods rather than "starve" because he is indigent and cannot buy food at the commissary.[1]

He further alleges that he has been feeling "sad and depressed" and has sought mental health treatment while at the jail. He claims a nurse told him that the jail did not have a "certified mental health counselor" and had no means of providing him with mental health treatment. He claims to need regular mental health treatment for depression. Based on these events, he sues Allen County Sheriff David Gladieux, Fort Wayne Mayor Thomas Henry, and "Allen County Jail Medical/Dietician/Mental Health," seeking monetary damages and other relief.

Because Mr. Thomas is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Pretrial detainees "cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care and to adequate food. *Miranda*, 900 F.3d at 353-54; *Smith v. Dart*,

---

[1] His *in forma pauperis* motion submitted with the complaint reflects that he has had a negative balance on his account since June 2022. (ECF 2-1.)

2

803 F.3d 304, 309-10 (7th Cir. 2015). To establish a Fourteenth Amendment violation, a detainee must allege "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). It is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Giving Mr. Thomas the inferences to which he is entitled at this stage, he has alleged a plausible Fourteenth Amendment claim against Dr. Jackson.[2] He claims that she is aware of his medical condition and his need to avoid processed meats and tomatoes, but has nevertheless repeatedly served him these foods over a period of months. When he told her that the foods were causing him to have bloody stools, she allegedly responded in a flippant manner that he could "eat it or not." He will be permitted to proceed past the pleading stage against Dr. Jackson on a claim for damages under the Fourteenth Amendment.

---

[2] Although he does not list Dr. Jackson by name in the caption, it is evident that he is referring to her when he states that he is suing the "Allen County Jail Dietician." The clerk will be directed to update the caption accordingly.

3

The complaint can also be read to allege that Mr. Thomas is currently in need of a proper medical diet and treatment for depression. The Jail Warden has both the authority and the responsibility to ensure that inmates at his facility are provided with adequate medical treatment and food as required by the Fourteenth Amendment. *See Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Mr. Thomas will be permitted to proceed on a claim against the Jail Warden in his official capacity for injunctive relief related to his ongoing need for medical treatment and a medically appropriate diet.

As for Sheriff Gladieux and Mayor Henry, they are not mentioned in the narrative section of the complaint and there is no indication these high-ranking officials had any personal involvement in these events. They cannot be held liable solely because they hold supervisory positions within the county. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). He also names the jail itself as a defendant, but this is a building, not a "person" that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Likewise, he names "Allen County Jail Medical" and "Allen County Jail Mental Health" as defendants, but these appear to be departments within the jail rather than entities that can be sued under 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). These defendants will be dismissed.

For these reasons, the court:

(1) DIRECTS the clerk to add Dr. Jackson (first name unknown) and the Allen County Jail Warden as defendants;

(2) GRANTS the plaintiff leave to proceed on an official capacity claim against the Allen County Jail Warden under the Fourteenth Amendment to obtain adequate medical care for depression and a medically appropriate diet for ulcerative colitis;

(3) GRANTS the plaintiff leave to proceed against Dr. Jackson (first name unknown) on a claim for damages in her personal capacity for denying him a medically appropriate diet for his ulcerative colitis from June 2022 to the present in violation of the Fourteenth Amendment; and

(4) DISMISSES David J. Gladieux, Thomas C. Henry, Allen County Jail, Allen County Jail Medical, and Allen County Jail Mental Health as defendants;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Allen County Jail Warden and dietitian Dr. Jackson (first name unknown) at the Allen County Jail and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Allen County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(8) ORDERS the Warden and Dr. Jackson to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 12, 2022                                     *s/ Damon R. Leichty*
                                                                            Judge, United States District Court