UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES EDWARD THOMAS,

    Plaintiff,

    v.      CAUSE NO. 1:22-CV-345-DRL-SLC

DR. JACKSON,

    Defendant.

OPINION AND ORDER

Charles Edward Thomas, a prisoner without a lawyer, is proceeding in this case against Dr. Jennifer Jackson "on a claim for damages in her personal capacity for denying him a medically appropriate diet for his ulcerative colitis from June 2022 to the present in violation of the Fourteenth Amendment[.]" ECF 7 at 5. Dr. Jackson filed a motion for summary judgment, arguing Mr. Thomas did not exhaust his administrative remedies before filing this lawsuit. ECF 32. Mr. Thomas filed a response, and Dr. Jackson filed a reply. ECF 42, 45. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278,

282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an

inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Dr. Jackson argues Mr. Thomas did not exhaust his administrative remedies at Allen County Confinement Facility before filing this lawsuit because he submitted a Level I grievance but did not appeal the denial of that grievance. ECF 33 at 5-6. Specifically, Dr. Jackson provides Mr. Thomas' grievance records and an affidavit from Carla Walker, the Jail Clerk at Allen County Confinement Facility.

Pursuant to the Allen County Jail Rules, inmates may file a grievance by submitting a written "inmate request form to Classification, Discipline, Assistant Jail Commander, Jail Commander and Appeals Officer, in that order." ECF 33-1 at 1; ECF 33-2 at 138. On September 22, 2022, Mr. Thomas electronically submitted a Level I grievance at the Classification level complaining he was being denied a medically necessary diet despite repeatedly discussing the issue with nursing staff. ECF 33-1 at 1; ECF 33-2 at 143. On September 24, 2022, prison staff electronically denied the grievance with the comment that Mr. Thomas needed to write to nursing. *Id.* The electronic grievance form states that Mr. Thomas' grievance was "closed" and that he could not reply. ECF 33-2 at 143. Ms. Walker attests that, after prison staff denied Mr. Thomas' Level I grievance at the Classification level, Mr. Thomas did not appeal that denial to the next level. ECF 33-1 at 1.

3

In his response, Mr. Thomas argues his administrative remedies were unavailable because once his Level I grievance was electronically denied by prison staff he did not have any means to appeal the denial of that grievance. ECF 42 at 2. Specifically, Mr. Thomas attests the jail only allows inmates to submit grievances through the electronic grievance process, which does not allow inmates to go beyond the first stage of the grievance process. ECF 42-1 at 1-2. He attests he went as far as he could using the jail's electronic system, and that jail staff does not accept paper grievance forms. *Id.* Mr. Thomas submits affidavits from other inmates, who attest the jail does not allow paper grievance forms and the electronic grievance process does not allow offenders to appeal past the first level. ECF 43-1 at 4-7.

In her reply, Dr. Jackson argues that, if Mr. Thomas was unable to appeal his grievance to the next level due to the functioning of the electronic system, he still had available remedies because he could have (1) addressed his inability to submit an electronic appeal with jail staff; (2) requested to appeal the denied grievance to the next level; or (3) requested paper forms to submit a grievance. ECF 45 at 1-2.

Here, Dr. Jackson has not met her burden to show Mr. Thomas had available administrative remedies he did not exhaust before filing this lawsuit. Specifically, Mr. Thomas has provided evidence he was unable to appeal the denial of his grievance, as he attests the electronic grievance system did not allow him to appeal and prison staff would not accept written grievance forms. In her reply, Dr. Jackson does not dispute these statements. Specifically, Dr. Jackson does not provide any evidence the jail accepted written grievance forms or inmates could appeal through the electronic system. Instead,

she argues Mr. Thomas should have tried harder to figure out how to submit an appeal. ECF 45. But it is still unclear what procedure Mr. Thomas was meant to follow to submit an appeal. Neither the electronic grievance form, the Jail Rules, nor Dr. Jackson's summary judgment filings explain how Mr. Thomas was meant to submit an appeal. Moreover, even assuming there was a process in place for Mr. Thomas to appeal the denial of his grievance, there is no evidence that process was communicated to him. *See Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018) ("The PLRA does not invite prison and jail staff to pose guessing games for prisoners. Prisons must affirmatively provide the information needed to file a grievance. If it were otherwise a prison could shroud the prisoner in a veil of ignorance and then hide behind a failure to exhaust defense to avoid liability") (quotations and citations omitted). Because Dr. Jackson has not provided any evidence Mr. Thomas had an available remedy to appeal the denial of his grievance, Dr. Jackson has not met her burden to show Mr. Thomas had available administrative remedies he did not exhaust before filing this lawsuit. Her motion for summary judgment must be denied.

For these reasons, Dr. Jackson's motion for summary judgment (ECF 32) is DENIED.

SO ORDERED.

July 12, 2023                    *s/ Damon R. Leichty*
                                 Judge, United States District Court