UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLES EDWARD THOMAS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-cv-00345-SLC |
| JACKSON, *Dr.*, | |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff Charles Edward Thomas, a prisoner without a lawyer, filed a renewed motion for appointment of counsel. (ECF 105). This is his third such request in the case. (*See* ECF 3, 64). Unlike in a criminal case, "[t]here is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). Instead, "the assistance of a pro bono lawyer in civil litigation is a privilege." *Cartwright v. Silver Cross Hosp.*, 962 F.3d 933, 937 (7th Cir. 2020) (citation omitted).

The Seventh Circuit has instructed that when a request is made for pro bono counsel, the Court is to make the following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citation omitted). Deciding whether to recruit an attorney is a "difficult decision[,]" because "[a]lmost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson*, 750 F.3d at

711. "District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most." *Id.*

The Court previously concluded in connection with Thomas's second motion for counsel that he had made a reasonable attempt to find counsel on his own. (ECF 65 at 2). Proceeding to the second prong, Thomas does not describe his educational level, but in an earlier motion he stated that he has a GED. (ECF 64 ¶ 3). His filings in this case reflect that he is literate and capable of preparing legal documents. He has been an active litigant during the time this case has been pending, filing a detailed complaint and various motions. (*See e.g.*, ECF 1). He was able to defeat Defendant's motion for summary judgment on exhaustion grounds, and thereafter propounded and responded to written discovery. His filings, including the present one, have been neatly presented and contain cogent arguments in support of his position. He also litigated a prior civil rights case in this district. *See Thomas v. Allen County, et al.*, 1:98-cv-00240-WCL (N.D. Ind. closed Aug. 6, 1999).

The issues presented in this case are not particularly complex. What remains of the case is one claim against a dietician at the Allen County Jail for denying Thomas a diet that accommodated his ulcerative colitis. (*See* ECF 1 ¶¶ 4-6). Although the case involves a medical issue, his claim is not factually or legally complex. In essence, he claims that he was repeatedly served processed meats, tomatoes, and other foods that he was supposed to avoid because of his ulcerative colitis. (*See id.* ¶ 6). He claims the foods gave him stomachaches and other digestive problems. (*Id.*). He also claims to have spoken to the dietician directly about the problems these foods were causing him, but she allegedly brushed off his concerns. (*Id.*). How these events unfolded, what symptoms he experienced, and what transpired between him, and the dietician, are matters within his personal knowledge.

Defendant has moved for summary judgment arguing that no doctor told Thomas to avoid the foods he claims he could not eat, and additionally, that he suffered no serious ill effects from his diet during his time at the jail—actually gaining weight while he was there. (ECF 87 at 4-5). These are straightforward issues. Thomas's filings reflect that he has an understanding of the issues and what he must show to prove a constitutional violation. The Court concludes that he is capable of preparing a response to the pending motion for summary judgment.

Thomas states that he does not have access to his "legal paperwork," without explaining what these documents are. (ECF 105 at 2). The clerk recently sent him an additional copy of all the Defendant's summary judgment filings, and he was granted another generous extension to respond to the motion.[1] (ECF 104). He expresses concerns about representing himself at trial, but this case has not been set for trial. At present, he only needs to prepare a written response to Defendant's motion for summary judgment, and he appears capable of doing so. He expresses concerns that he no longer has the help of another inmate, who has since been transferred, but the docket reflects that he has remained attentive to his case after the transfer and has been able to file motions and other documents containing cogent arguments in support of his position.

The question is not whether an attorney would do a better job of presenting the case. If it were, the Court would have to appoint counsel in virtually every pro se case, which is not the standard. *See Olson*, 750 F.3d at 711. The Court concludes that Thomas is capable of litigating the case on his own at this stage.

As a final matter, the docket reflects that Thomas has missed the deadline for responding to Defendant's motion for summary judgment. (*See* ECF 104). Defendant's motion for summary

---

[1] Thomas sent a separate letter (ECF 106) requesting copies of these same documents, but this letter appears to have crossed in the mail with the documents (ECF 104), which were mailed by the clerk less than a week earlier.

judgment has now been pending for a total of eight months, and Thomas was previously cautioned that further extensions would not be granted absent extraordinary circumstances. (*Id.* at 2). It does not appear that extraordinary circumstances stood in the way of him complying with this deadline, but in the interest of justice, the Court will grant him one final extension. Given the age of the case and the length of time the motion for summary judgment has been pending, **further extensions will not be granted**.

For these reasons, Plaintiff's motion for appointment of counsel (ECF 105) is DENIED. The deadline for Plaintiff to respond to Defendant's motion for summary judgment is EXTENDED to **December 15, 2024. He is CAUTIONED that further extensions of this deadline will not be granted**.

SO ORDERED.

Entered this 2nd day of December 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge