UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CHARLES EDWARD THOMAS,** | |
| **Plaintiff,** | |
| v. | CAUSE NO. 1:22-cv-00345-SLC |
| **JACKSON,** *Dr.*, | |
| **Defendant.** | |

## OPINION AND ORDER

Plaintiff Charles Edward Thomas, a prisoner without a lawyer, is proceeding in this case against Defendant Jennifer Jackson[1] "on a claim for damages in her personal capacity for denying him a medically appropriate diet for his ulcerative colitis from June 2022 to the present in violation of the Fourteenth Amendment . . . ." (ECF 7 at 5).[2] Specifically, Thomas alleged in his complaint that he was unable to eat certain foods due to his ulcerative colitis and had been approved for a medical diet, but Dietician Jackson regularly served him foods like bologna, hot dogs, and tomatoes which exacerbated his condition. (*Id.* at 2). On March 29, 2024, Dietician Jackson filed a motion for summary judgment. (ECF 86). With the motion, Dietician Jackson provided Thomas the notice required by N.D. Ind. L.R. 56-1(f). (*See* ECF 88). Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1. (*Id.*)

---

[1] Thomas refers to Jackson as a "doctor" in his complaint, but the undisputed facts show Jackson is in fact a registered dietician, not a doctor. (ECF 87-3 at 1). This Opinion will refer to Defendant as Dietician Jackson.

[2] Ulcerative colitis is a chronic inflammatory bowel disease that causes inflammation and ulcers in the colon and rectum.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. *See* N.D. Ind. L.R. 56-1(b). The Court extended Thomas's deadline to respond to the summary judgment motion until November 22, 2024, and again extended the deadline until December 15, 2024. (*See* ECF 104, 108). This deadline has passed, but Thomas still has not responded. Therefore, the Court will now rule on Dietician Jackson's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *See Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence [he] contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Because Thomas is a pretrial detainee, his rights arise under the Fourteenth Amendment. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 391 (7th Cir. 1991) (citation and quotation marks omitted). Nevertheless, they are

entitled to adequate medical care. *See Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege as follows:

> (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm.

*Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the Court must consider the "totality of facts and circumstances . . . ." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353 (citations omitted).

Dietician Jackson submits an affidavit, in which she attests to the following facts:[3] During all relevant times, Dietician Jackson was a registered dietician providing nutritional counseling services for the Allen County Jail. (*See* ECF 87-3). Dietician Jackson's role within the Allen County Jail was to analyze the facility's menus, assess the need for inmate food requests, and educate inmates on how their diets affect their medical diagnoses. (*Id.* ¶ 6). As a dietician, Dietician Jackson does not have the ability to prescribe a medical diet, but rather evaluates requests for medical diets that come from physicians in the Allen County Jail and assists in implementing them. (*Id.* ¶ 7). Thomas never had a physician's order for a medical diet. (*Id.* ¶ 9). After researching many dietary authorities, Dietician Jackson did not find any specific

---

[3] Because Thomas did not respond to Dietician Jackson's summary judgment motion, the Court accepts these attestations as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .").

"medical diet" for people with ulcerative colitis. (*Id.* ¶ 8). Specifically, there is no particular diet or medication that is helpful to all ulcerative colitis patients. (*Id.*).

Dietician Jackson argues summary judgment is warranted in her favor because (1) Thomas did not provide evidence he had an objectively serious medical need to avoid eating bologna, hotdogs, or tomatoes, and (2) she did not purposefully, intentionally, or recklessly disregard his need. (ECF 87 at 6-8). Each argument will be addressed in turn.

First, to establish a Fourteenth Amendment violation, Thomas must provide evidence he had an "objectively serious medical need". *Gonzalez,* 40 F.4th at 828. A condition meets this standard if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Mosby v. Cavey*, 686 F. Supp 2d 868, 875 (W.D. Wis. 2010) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).

Here, at the outset, the question is not whether Thomas's ulcerative colitis is an objectively serious medical need, but whether Thomas had an objectively serious medical need for a medical diet avoiding tomatoes and processed meats. It is undisputed Thomas never had a physician's order for a specific medical diet related to his ulcerative colitis, and there is no evidence any physician ever recommended he avoid eating specific foods. (*See* ECF 87 at 6). It is also undisputed that Dietician Jackson's research of dietary authorities found that there is no specific recommended medical diet for patients with ulcerative colitis. (*See id.* at 3). And Thomas provides no evidence that eating tomatoes or processed meats significantly affected his daily activities or caused health issues such that a lay person would have perceived his need for a medical diet. Thus, because the record contains no evidence aside from Thomas's own subjective belief that he required a medical diet avoiding tomatoes and processed meats, no reasonable fact-

4

finder could conclude Thomas had an "objectively serious medical need" for such a diet. *Gonzalez*, 40 F.4th at 828.

Second, even assuming Thomas had an objectively serious medical need for a medical diet—avoiding tomatoes and processed meats—there is no evidence by which a reasonable fact-finder could conclude Dietician Jackson acted in an objectively unreasonable manner. Specifically, it is undisputed that: (1) Thomas never had a physician's order for a medical diet; (2) Dietician Jackson did not have the authority to prescribe a medical diet for Thomas; (3) Dietician Jackson's role was merely to evaluate and implement the dietary recommendations of the jail's medical staff; and (4) Dietician Jackson's independent research showed that there is no specific medical diet to treat someone with ulcerative colitis. (*See* ECF 87-3). Because the undisputed facts show Dietician Jackson had no authority to prescribe Thomas a medical diet and had no reason to believe he required a medical diet avoiding tomatoes and processed meats, no reasonable fact-finder could conclude she acted in an objectively unreasonable manner toward his need for a medical diet. For both of these reasons, summary judgment is warranted in favor of Dietician Jackson.

For these reasons, the Court:

(1) GRANTS Defendant Jackson's motion for summary judgment (ECF 86); and

(2) DIRECTS the Clerk to enter judgment in favor of Defendant Jackson and against Plaintiff Charles Edward Thomas and to close this case.

SO ORDERED.

Entered this 14th day of January 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge